LEONORA Z. JOHNSON ET AL. V. JOSEPH G. THORPE, JR., ET AL.

FILED JUNE 18, 1895.    NO. 6002.

Mortgage Foreclosure: CONFIRMATION OF SALE: REVIEW. In an error proceeding to secure a review of an order of confirmation of a sale of real estate, made by virtue of an order of sale issued to enforce a decree of foreclosure of a mortgage, where an examination of the record and evidence presented and considered on the hearing of the motion to confirm the sale, discloses that the conclusion reached by the trial judge was fully sustained by such record and evidence, the order of confirmation will be affirmed.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*L. D. Holmes,* for plaintiffs in error.

*Isaac Adams, contra.*

HARRISON, J.

In an action to foreclose a mortgage upon the north one-half of lot 19 in J. E. Riley's subdivision of lots Nos. 54 and 55 of S. E. Rogers' plat of Oklahoma addition to the city of Omaha, such proceedings were had as resulted in a decree of foreclosure of the mortgage, to enforce which an order of sale was duly issued, directed to one Joseph Coleman as special master commissioner, and who, pur-

suant to its commands, advertised and sold the premises and made return of the sale. The property was purchased by the defendant in error. A motion to confirm the sale was made on behalf of defendant in error, in opposition to which there was filed by plaintiff in error a number of objections to a confirmation, supported, in respect to the facts involved, by affidavits. Affidavits to sustain the motion were also filed. The court, on hearing, reached a conclusion favorable to the motion and ordered the sale confirmed, and the unsuccessful parties have prosecuted an error proceeding to this court to secure a review of such order.

Of the objections presented in the trial court to the confirmation of the sale, the plaintiff in error urges but three in this court, viz.: First, "because it does not appear that the purchaser had paid the amount of his bid before confirmation;" second, "because the property was not sold to the highest bidder;" third, "because the property was sold after the hour at which the sale was advertised had expired." We have carefully examined the whole record, including the affidavits of the parties, and it convinces us that the conclusions reached by the trial judge, that "the sale had been made in all respects in conformity to law," was warranted by the facts, and the order of confirmation, based upon such finding, proper and right; hence it will be

AFFIRMED.

IRVINE, C., not sitting.